**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4475**

———————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

THOMAS WILLIAMS, a/k/a Paul Ralph Scott, a/k/a
Q, a/k/a Warren Brown, a/k/a Professor,

                                        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  James R. Spencer, District
Judge.  (CR-02-387)

———————

Submitted:  February 28, 2005        Decided:  March 24, 2005

———————

Before TRAXLER and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

David Lassiter, Jr., JEFFERSON & LASSITER, Richmond, Virginia, for
Appellant.  Paul J. McNulty, United States Attorney, Michael J.
Elston, Laura C. Marshall, Assistant United States Attorneys,
Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Thomas Williams appeals his convictions and ninety-six month sentence for conspiracy to commit bank fraud, in violation of 18 U.S.C. § 371 (2000), and bank fraud in violation of 18 U.S.C. § 1344 (2000). We affirm.

Williams first asserts that there was insufficient evidence to support his convictions. A verdict must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it. Elliott v. United States, 332 F.3d 753, 760-61 (4th Cir.) (applying standard to bench trial), cert. denied, 540 U.S. 991 (2003). This court "ha[s] defined 'substantial evidence,' in the context of a criminal action, as that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc)). This court does not weigh the evidence or determine the credibility of the witnesses. United States v. Sun, 278 F.3d 302, 313 (4th Cir. 2002). Moreover, the uncorroborated testimony of one witness or an accomplice may be sufficient to sustain a conviction. United States v. Wilson, 115 F.3d 1185, 1190 (4th Cir. 1997).

In order to sustain a conviction for conspiracy under 18 U.S.C. § 371, the Government had to prove beyond a reasonable

doubt:  (1) an agreement to commit an offense against the United States;  (2) willing participation in the conspiracy by the defendant; and (3) an overt act in furtherance of the agreement. See United States v. Edwards, 188 F.3d 230, 234 (4th Cir. 1999). To sustain a conviction for bank fraud, the Government had to prove beyond a reasonable doubt that Williams

> knowingly execute[d], or attempt[ed] to execute, a scheme or artifice to (1) defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises.

18 U.S.C. § 1344.  A review of the evidence presented at trial convinces us that the Government established these elements.

Williams next contends that the district court clearly erred in giving him a four-level enhancement for playing an organizing role in the conspiracy, pursuant to United States Sentencing Guidelines Manual ("USSG") § 3B1.1(a) (2001). Information obtained from co-conspirators supported the role adjustment.  Williams' partner described him as the mastermind behind the bank fraud scheme, the person who knew all the details and who told him to recruit others.  Another co-conspirator described how Williams recruited him, told him how to make a bank deposit, instructed him regarding the sum of money to withdraw, and then collected the withdrawn money.  A third co-conspirator, a bank employee, testified that Williams approached her to join the

conspiracy and specifically asked her to report confidential account balances and make fraudulent account transfers. On these facts, we conclude the district court did not clearly err in finding that Williams was a leader or organizer in the conspiracy.

Finally, Williams argues that the district court abused its discretion in imposing a two-level upward departure for uncharged conduct pursuant to USSG § 52K.21. In its explanation for the departure, the district court emphasized testimony from co-conspirators and statements made by Williams himself, that Williams knowingly and willfully avoided arrest and avoided bringing himself into custody for a substantial period of time after he was indicted. The court found that Williams' conduct led to two trials and the need for appropriation of additional funds to handle the case. The court also considered an admission by a co-conspirator who stated that Williams visited her prior to her trial and discussed her testimony. We note that because Williams was not charged for the aforementioned conduct, it was not accounted for in the calculation of his criminal history category. Therefore, we conclude that the district court's decision to depart on this ground was justified by the facts of the case. We further conclude that the extent of the departure was not unreasonable.

We therefore affirm Williams' convictions and sentence. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED